IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIBEL MENDOZA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0861-B |
| | § | |
| HILARY RODHAM CLINTON, | § | |
| Secretary of State, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants have filed a Rule 12(b)(1) motion to dismiss this federal mandamus and civil rights action for lack of subject matter jurisdiction. In her complaint, Plaintiff Maribel Mendoza, a United States citizen, alleges that defendants knowingly and deliberately violated federal law by refusing to issue an immigrant visa to her husband, Jorge Luis Avila Estrada, a Mexican national. After numerous unsuccessful attempts to persuade consular officials to reconsider their decision, plaintiff filed suit in federal district court for monetary damages and injunctive relief. Plaintiff alleges that federal jurisdiction arises under: (1) the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*; (2) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*; (3) *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (4) the federal question statute, 28 U.S.C. § 1331; and (5) the federal mandamus statute, 28 U.S.C. § 1361. (*See* Plf. Compl. at 3, ¶ 8). Defendants counter, *inter alia*, that the doctrine of consular nonreviewability deprives the court of subject matter jurisdiction. Although plaintiff was given two opportunities to file a response to

the motion, she failed to do so.¹ The court therefore considers the threshold issue of subject matter jurisdiction without the benefit of a response from plaintiff.

It is well-settled that decisions of United States consular officials on visa matters are not subject to judicial review. *See Perales v. Casillas*, 903 F.2d 1043, 1046 (5th Cir. 1990); *Mulligan v. Schultz*, 848 F.2d 655, 657 (5th Cir. 1988); *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987), *cert. denied*, 108 S.Ct. 696 (1988). This principle, known as the "doctrine of consular nonreviewability," was developed by the courts in recognition of Congressional authority providing consular officials with the power to grant or deny alien visas.² *See Pedrozo v. Clinton*, 610 F.Supp.2d 730, 735 (S.D. Tex. 2009), *citing Aggarwal v. Sec. of State*, 951 F.Supp. 642, 647-48 (S.D. Tex. 1996), *aff'd*, 124 F.3d 193 (5th Cir. 1997). Although plaintiff attempts to circumvent this established principle of law by bringing her claims under the APA, the FTCA, *Bivens*, the federal question statute, and the federal mandamus statute, "[s]uch attempts to manufacture subject matter jurisdiction by recasting a complaint have consistently been rejected by the courts." *Malyutin v. Rice*, 677 F.Supp.2d 43, 46 (D.D.C. 2009), *aff'd*, No. 10-5015, 2010 WL 2710451 (D.C. Cir. Jul. 6, 2010), *pet. for cert. filed* (Nov. 17, 2010) (No. 10-663), *quoting Chun v. Powell*, 223 F.Supp.2d 204, 209-07 (D.D.C. 2002); *see also Aggarwal*, 951 F.Supp. at 647-48 (APA, INA, *Bivens*, federal

---

¹ When plaintiff did not file a response within 21 days of the date the motion was filed as required by Local Rule 7.1(e), the court allowed her to file an out-of-time response by November 18, 2010. *See* Order, 11/4/10. Plaintiff has not complied with that order or otherwise communicated with the court regarding her position on the motion. It is entirely possible that plaintiff no longer desires to prosecute this action in view of the fact that, according to defendants, an immigrant visa was issued to her husband on July 12, 2010 -- less than three months after this lawsuit was filed. (*See* Def. Mot. at 2).

² Section 104(a) of the INA provides, in pertinent part:

> The Secretary of State shall be charged with the administration and the enforcement of the provisions of this chapter and all other immigration and nationality laws relating to (1) the powers, duties, and functions of diplomatic and consular officers of the United States, *except those powers, duties, and functions conferred upon the consular officers relating to the granting or refusal of visas.*

8 U.S.C. § 1104(a) (emphasis added).

question statute, and federal mandamus statute do not provide sufficient basis for federal subject matter jurisdiction in cases involving matters related to issuance of visas); *Pedrozo*, 610 F.Supp.2d at 735 (APA and federal mandamus statute); *Kummer v. Shultz*, 578 F.Supp. 341, 342 (N.D. Tex. 1984) (same). Because all of plaintiff's claims arise out of the failure of consular officials to timely issue an immigrant visa to her husband, they are barred by the doctrine of consular nonreviewability.

## RECOMMENDATION

Defendants' Rule 12(b)(1) motion to dismiss [Doc. #6] should be granted. This case should be dismissed without prejudice for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE